UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Luis Muñoz, a/k/a Luis Torres        :
                                     :
    Plaintiff                        :
                                     :
        v.                           :
                                     :
Mann Bracken, LLP,                   :     Civil Action No.
                                     :
    Defendant                        :
                                     :

# COMPLAINT

## Preliminary Statement

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## Parties

3.    Plaintiff Luis Muñoz is an individual residing at 4315 N. Franklin Street, Philadelphia, PA 19124. Plaintiff's maternal surname in Spanish usage is "Torres" and as a result

Plaintiff is sometimes known as "Luis Muñoz Torres" or "Luis Torres." He will be referred to in this Complaint variously as "Plaintiff," "Mr. Muñoz," or "Mr. Torres."

4. Defendant, Mann Bracken, LLP, ("Defendant" or "Mann Bracken"), is a law firm doing business in Pennsylvania and other jurisdictions, with a principal place of business located at 702 King Farm Boulevard, Rockville, MD 20850. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant does business in Pennsylvania using an address at 4660 Trindle Road, Suite 300, Camp Hill, PA 17001.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Factual Allegations**

6. On or about July 20, 2009, Mann Bracken commenced a lawsuit on behalf of a party named "Midland Funding, LLC, Assignee of Household" ("Midland") against the instant Plaintiff, named in the lawsuit as "Luis Torres," in the Philadelphia Court of Common Pleas, under docket no. 090702299 ("the lawsuit"). The lawsuit claimed that Mr. Torres was indebted to Midland on an open end credit card account.

7. On August 20, 2009, the undersigned counsel filed a responsive pleading on behalf of Mr. Torres in the lawsuit, and in doing so entered his appearance in the lawsuit on behalf of Mr. Torres.

8. Mann Bracken was served with notice of the responsive pleading in the lawsuit, identifying the undersigned as Mr. Torres's attorney, by electronic mail through the Philadelphia Court of Common Pleas's electronic filing system, at or about 11:52 a.m. on August 20, 2009.

9. On or about August 21, 2009, Mr. Torres received a further telephone call from a Mann Bracken representative. Mr. Torres's wife Yolanda Muñoz answered the call. She gave

the Mann Bracken representative the phone number of Mr. Torres's attorney and instructed the representative from Mann Bracken to stop calling the home but to contact Mr. Torres's lawyer instead.

10. Despite the filing of the lawsuit, the entry of appearance of counsel, and the instructions of Mr. Torres's wife, Mann Bracken continued to call Mr. Torres at his home repeatedly by phone in an effort to collect the alleged debt. These calls came virtually every day, and sometimes several times in a single day.

11. Although Mr. Torres did not answer subsequent phone calls, his caller ID identified them as having come from "Mann Bracken," and as having come from the phone number 301-882-9975.

12. On information and belief, the phone number 301-882-9975 belongs to Mann Bracken.

13. On August 28, 2009, the undersigned wrote David R. Galloway, Esquire, an attorney at Mann Bracken and the counsel of record in the lawsuit. In the letter, the undersigned advised Mann Bracken of his entry of appearance on behalf of Mr. Torres, informed him that Mann Bracken had continued to call Mr. Torres at his home, and requested that Mann Bracken cease all direct contact with Mr. Torres on the debt that was the subject of the lawsuit and on all other debt collection matters. A copy of the letter is attached as Exhibit "A".

14. On or about September 1, 2009, another individual from Mann Bracken named Robert N. Polas, Jr. wrote the undersigned, saying that his office had not received a copy of the preliminary objections filed on behalf of Mr. Torres in the lawsuit, and requesting that the undersigned provide him with a copy by fax. The letter was received by the undersigned on September 3, 2009. A copy of the letter is attached as Exhibit "B".

15. On September 3, 2009, the undersigned sent copies of the preliminary objections to Mr. Polas by fax and by first class mail. A copy of the transmission letter is attached as Exhibit "C".

16. Thereafter, Mann Bracken continued to call Mr. Torres repeatedly by phone at his home in an effort to collect the alleged debt.

17. On September 10, 2009, the undersigned again wrote David R. Galloway, informing him that despite the cease-contact request, Mann Bracken had continued to call Mr. Torres. The letter again requested that Mann Bracken discontinue direct contact with Mr. Torres. A copy of the letter is attached as Exhibit "D".

18. Thereafter, and notwithstanding the repeated cease-contact requests, Mann Bracken continued to call Mr. Torres repeatedly by phone at his home in an effort to collect the alleged debt.

19. From September 10, 2009, to the time of drafting of this paragraph, Mann Bracken has made telephone calls to Plaintiff at his home on multiple occasions, as recorded by Plaintiff's caller ID, including but not limited to the following:

> September 11, 2009, at 10:09 a.m. and 4:46 p.m.;
>
> September 13, 2009, at 4:07 p.m.;
>
> September 14, 2009, at 8:14 a.m.;
>
> September 15, 2009, at 8:59 a.m.;
>
> September 16, 2009, at 9:03 a.m. and 3:21 p.m.;
>
> September 17, 2009, at 8:18 a.m., 12:47 p.m., and 3:10 p.m.;
>
> September 18, 2009, at 10:32 a.m. and 6:21 p.m.;
>
> September 19, 2009, at 9:27 a.m., 8:59 a.m., and 3:48 p.m.;

September 20, 2009, at 1:24 p.m.; and

September 21, 2009, at 8:14 a.m.

20. As a result of the acts alleged above, Plaintiff's home life has been disturbed and Plaintiff has incurred expenses in traveling to the undersigned attorney's office in order to obtain legal assistance in the matter.

### Plaintiff's Cause of Action Under the FDCPA

21. Plaintiff re-alleges and incorporates by reference all paragraphs, *supra*.

22. Defendant violated the FDCPA. for actions including, but not limited to:

   a. Contacting Plaintiff directly despite knowledge that he was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2); and

   b. Contacting Plaintiff after having been given written notice to cease further communication, in violation of 15 U.S.C. § 1692c(c).

23. As a result of Defendant's violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

### Relief Requested

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

e. Such other and further relief as may be just and proper.

Dated: September 21, 2009				/s/ Peter D. Schneider
							PETER D. SCHNEIDER
							Attorney for Plaintiff
							Pa. Id. No. 40351
							Signature Validation Code PDS5131
							COMMUNITY LEGAL SERVICES, INC.
							1424 Chestnut Street
							Philadelphia, PA 19102
							215-981-3718
							pschneider@clsphila.org